ORIGINAL

GREGORY W. TRONSON *(Pro Hac Vice Pending)*
Trial Attorney
United States Department of Labor
Office of the Solicitor
1999 Broadway, Suite 1600
Denver, CO 80202-5710
Telephone: 303-844-1758
Facsimile: 303-844-1753

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO
Assistant United States Attorney
Post Office Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 22 2011

Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HILDA L. SOLIS, ) <br> SECRETARY OF LABOR, ) <br> UNITED STATES DEPARTMENT OF LABOR, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> GUY J. BALDINO, and NATIONWIDE SUPPLY, ) <br> INC. d/b/a BUSINESS OUTFITTERS, ) <br>  ) <br> Defendants. ) | CASE NO: 11-CV-362-F |

### COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

1.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act") as amended, 29 U.S.C. §§ 1001 et seq. and is brought by the Secretary against Defendants Guy J. Baldino and Nationwide Supply, Inc. d/b/a Business Outfitters ("Nationwide Supply"), each as fiduciaries to the Nationwide Supply, Inc. Simple IRA Plan (the "Plan").  The Secretary brings this action to obtain all appropriate relief in order to redress violations and enforce the provisions of Title I of ERISA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.      Venue with respect to this action lies in the District of Wyoming pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## THE PARTIES

4.      Plaintiff is the Secretary of the United States Department of Labor who has authority to bring this civil action under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

5.      At all times relevant to this action, Defendant Guy J. Baldino was a resident of the city of Cheyenne, Laramie County, Wyoming, maintained a principal place of business in and conducted business in the city of Cheyenne, Laramie County, Wyoming, was an owner in and President of Nationwide Supply, a Wyoming corporation whose business headquarters were located in Cheyenne, Wyoming.  Guy J. Baldino established the Plan and was the sole administrator of the Plan.

6.    At all times relevant hereto, Defendant Nationwide Supply, was a Wyoming corporation, was licensed to and did in fact conduct business in the State of Wyoming, maintained a principal place of business and was headquartered in Cheyenne, Wyoming, employed citizens of the State of Wyoming.

## GENERAL ALLEGATIONS

7.    The Plan, established on or about January 1, 2008, is a SIMPLE IRA employee pension plan which allows an employee to elect to defer a portion of his or her compensation and have that amount contributed to the employee's individual retirement account by the employer and Plan sponsor, Nationwide Supply.

8.    The Plan is an employee benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and subject to coverage of the Act under ERISA § 4(a), 29 U.S.C. § 1003(a).

9.    At all times relevant herein, Defendant Nationwide Supply, acting through its corporate officer Defendant Guy J. Baldino, acting individually or in concert with one or more other individuals, was vested with and exercised discretionary authority or control respecting the management of the Plan, and/or exercised authority or control respecting the management or disposition of the assets of the Plan, and/or had discretionary authority and/or discretionary responsibility in the administration of the Plan.  Therefore, Defendants Nationwide Supply and Guy J. Baldino at all times relevant herein, have each been a fiduciary with respect to the Plan pursuant to ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

10. At all times relevant herein, Nationwide Supply, was an employer whose employees were covered by the Plan. Therefore, Nationwide Supply, is a party in interest with respect to the Plan pursuant to ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C).

11. At all times relevant herein, Defendant Guy J. Baldino was a fiduciary of the Plan and was an officer and/or a director of Nationwide Supply, an employer whose employees were covered by an ERISA employee benefit plan. Therefore, Defendant Guy J. Baldino is a party in interest with respect to the Plan pursuant to ERISA §§ 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).

12. Under the Nationwide Supply Plan Annual Form 5304-SIMPLE, Nationwide Supply agreed to withhold salary deferral contributions from employee paychecks and forward those contributions to the Nationwide Supply Plan.

13. During the pay periods commencing from on or about February 8, 2008, through on or about December 31, 2009, the Defendants failed to timely forward contributions of $19,930.33 withheld from Nationwide Supply employee participants' paychecks as of the earliest date on which such contributions could reasonably be segregated from Nationwide Supply's general assets. The amounts withheld from employee paychecks for contribution to the Nationwide Supply Plan could reasonably have been segregated from Nationwide Supply's general assets within seven calendar days. The amounts withheld from employee wages thus became Nationwide Supply Plan assets within seven days of the dates that such amounts were withheld from employee wages pursuant to 29 C.F.R. §2510.3-102(a). As a result of the

untimely forwarding of such withheld employee contributions, the Nationwide Supply Plan and its participants suffered lost interest earnings on the untimely forwarded contributions.

14. During the pay periods commencing from on or about May 2, 2008 through December 31, 2009, Defendants withheld $17,285.20 from paychecks of Nationwide Supply employees as elective salary deferrals for contribution to the Nationwide Supply Plan. Although Defendants could reasonably have segregated such employee contributions from Nationwide Supply's general assets within seven calendar days of the dates that such amounts were withheld from the participants' wages, Defendants failed to segregate and forward the withheld amount of $17,285.20 which is due to the participants' Nationwide Supply Plan accounts from the general assets of Nationwide Supply. Therefore the withheld amounts are assets of the Nationwide Supply Plan pursuant to 20 C.F.R. §2510.3-102(a). In addition, as a result of Defendants' failure to forward such withheld employee contributions, the Nationwide Supply Plan and its participants lost interest earnings on the unforwarded contributions.

15. As of November 1, 2011, the Plan and the Plan participants have lost $1,684.54 in interest earnings as a result of the untimely forwarded and unforwarded employee contributions described in paragraphs 13 and 14.

16. During EBSA's investigation of Defendants, Defendants repaid to the Plan $6,748.93 of $17,285.20 in unforwarded salary reduction contributions described in paragraph 14. A total of $10,536.27 in salary reduction contributions remain due to six Plan participants.

5

## VIOLATIONS OF ERISA

17. During the relevant time period herein, Defendants Guy J. Baldino and Nationwide Supply, acting by and through its officers, each failed to act to secure the transfer, or cause the transfer to the Plan the withheld and designated amounts described in paragraph 13 and 14 which said amounts were withheld from the wages of employees of Defendant Nationwide Supply as elective salary deferrals.

18. At all times relevant to this action, Defendants Guy J. Baldino and Nationwide Supply, acting or failing to act through its officers, each failed to take action to determine the assets of the Plan, to assert control over the Plan assets or to insure that the Plan assets would be protected from losses.

19. By conduct described above in paragraphs 17 and 18, Defendants Guy J. Baldino and Nationwide Supply:

(a) failed to discharge his/its fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) failed to discharge his/its fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c) failed to discharge his/its fiduciary duties in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

(d) caused the Plan to engage in transactions that he/it knew or should have known constituted a direct or indirect transfers to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(e) dealt with the assets of the Plan in his/its own interest or for his/its own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1);

(f) acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or of the Plan's participants and beneficiaries, in violation of ERISA §406(b)(2); 29 U.S.C. §1106(b)(2); and

(g) permitted the assets of the Plan to inure to the benefit of an employer in violation of ERISA §403(c)(1), 29 U.S.C. §1103(c)(1).

WHEREFORE, the Secretary prays that this Court enter an ORDER:

1. Ordering Defendants Guy J. Baldino and Nationwide Supply to restore to the Plan all losses attributable to his/its fiduciary breaches and/or attributable to prohibited transactions in which he/it engaged, including foregone earnings to the date of judgment, and post-judgment interest;

2. Ordering Defendants Guy J. Baldino and Nationwide Supply to correct the prohibited transactions identified in the Complaint;

3. Awarding Plaintiff the costs of this action; and

4.     Providing such further relief as is just and equitable.

                                Respectfully Submitted,

                                M. PATRICIA SMITH
                                Solicitor of Labor
                                MICHAEL A. STABLER
                                Regional Solicitor
                                JOHN RAINWATER
                                Associate Regional Solicitor

                                _/s/_____
for     GREGORY W. TRONSON *(Pro Hac Vice Pending)*
                                Trial Attorney
                                Office of the Solicitor
                                1999 Broadway, Suite 1600
                                Denver, CO 80202-5710
                                (303) 844-1758
                                (303) 844-1753 (fax)

                                Attorneys for the Secretary of Labor
                                U.S. Department of Labor

                                CHRISTOPHER CROFTS
                                United States Attorney

                                _/s/_____
                                NICHOLAS VASSALLO
                                Assistant United States Attorney